```
                                                  U.S. DISTRICT COURT
                                                  DISTRICT OF VERMONT
                                                        FILED

                                                  2021 JAN 20  AM 11:08

                                                        CLERK
                                                  BY  [signature]
                                                  _____
              UNITED STATES DISTRICT COURT          DEPUTY CLERK
                        FOR THE
                  DISTRICT OF VERMONT
```

| | |
|---|---|
| BIGGER BOAT, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | 2:21-cv-13 |
| ADMIRAL INSURANCE COMPANY ) | |
| and ) | |
| FREBERG ENVIRONMENTAL ) | |
| INSURANCE, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Bigger Boat, LLC, as and for a Complaint seeking a declaration of rights pursuant to 28 U.S.C. section 2201 and Federal Rule of Civil Procedure 57, and in the alternative for damages for breach of contract against Admiral Insurance Company and Freberg Environmental, Inc., alleges as follows:

### INTRODUCTION

1. In this action Bigger Boat, LLC ("Bigger Boat") seeks a declaration that Admiral Insurance Company ("Admiral") has a duty under a policy that it issued to Bigger Boat to provide insurance coverage for incurred and ongoing costs paid by Bigger Boat for investigatory actions requested by the State of Vermont Department of Environmental Conservation ("Vermont DEC").



STACKPOLE & FRENCH
LAW OFFICES
P.O. Box 819
Stowe, Vermont 05672
802.253.7339

1

2. In the alternative, Bigger Boat seeks a judgment for its damages from the defendants that arise from the failure of the defendant, Freberg Environmental Insurance, Inc. ("Freberg") to produce a promised policy, that provided an Environmental Liability policy response and payment for the costs incurred by Bigger Boat for a governmental investigation requested by the Vermont DEC.

## PARTIES

3. Plaintiff, Bigger Boat, is a limited liability company organized under the laws of the State of Vermont with its office and principal place of business at 37 Church Street, Burlington, Vermont, where Bigger Boat owns the real estate that is the subject of this action insured by Admiral.

4. Defendant, Admiral, is a Delaware corporation with its principal office in the State of New Jersey. Admiral is what is known as a "specialty" insurance policy writer relevant to this action, focused on environmental liability. Admiral is an Excess and Surplus ("E & S") insurance policy writer, writing in most United States state jurisdictions. As an E & S insurer, Admiral generally writes commercial insurance, where its policy forms are specialized and not always regulated by individual state insurance departments, and its policyholders are not protected by state insurance guaranty funds in the event of insolvency. E & S writers are generally authorized to write in jurisdictions where regulated "admitted" insurance carriers do not provide a market for the specialty line of insurance for unique risk exposures.

5. Admiral is highly rated ("A") by AM Best, the pre-eminent insurance carrier evaluator. Admiral is part of a group of companies owned and/or controlled by the



W. R. Berkeley, Inc. holding company based in Greenwich, Connecticut. Berkeley advertises itself as *"one of the largest commercial insurance providers in the United States. Comprised of more than 50 specialty units, Berkley brings deep expertise in a multitude of industries, product lines and territories."*

6. Defendant, Freberg Environmental, Inc., ("Freberg") has a place of business at One World Financial Center, New York, New York, and has a headquarters in Denver, Colorado. Freberg is an "Insurance Program Manager" that specializes in placing commercial environmental liability coverage. Freberg was appointed by Admiral as its agent, as a Managing General Underwriter ("MGU") with authority to underwrite, offer and bind environmental liability insurance coverage in E & S markets. Freberg has what is referred to as "the pen" where it acts with full authority to draft and bind insurance contracts on behalf of Admiral.

## JURISDICTION AND VENUE

7. This is an action for declaratory judgment pursuant to the Federal Declaratory judgment Act, 28 U.S.C. section 2201 and F.R.C. P. 57, seeking a declaration of the rights and obligations of the parties to an insurance contract based on a true and actual controversy as will be plead as follows.

8. In the alternative, the Plaintiff seeks a judgment against Freberg and Admiral, for their failure to deliver as promised, an insurance policy that would respond with payment for costs incurred due to the insured's response to a request from a governmental entity to investigate alleged pollution on the insured premises.



STACKPOLE & FRENCH
LAW OFFICES
P.O. Box 819
Stowe, Vermont 05672
802.253.7339

3

9. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. section 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states, plaintiff being a citizen of Vermont, and neither defendant being a citizen or having its place of business in the District of Vermont

10. Venue is proper in the United States District Court for the District of Vermont pursuant to 28 U.S.C. section 1391(b)(1), because one of the parties is a citizen in and resides and has its place of business in the Vermont District, and a substantial part of the events giving rise to the claim occurred in the Vermont District.

## **FACTS**

11. In December, 2014, Bigger Boat, through its agent, People's United Insurance Agency ("Peoples"), sought environmental impairment liability insurance for a building in Burlington, Vermont that Bigger Boat was in the process of purchasing. The same building had a known presence of indoor air and soil gas vapor that might include the presence of Trichloroethene (TCE) and Tetrachloroethane (PCE) possibly as a consequence of former use of the site by a dry cleaner.

12. Freborg, as Environmental Liability Insurance program manager and a managing general underwriter for Admiral, responded to People's request for coverage, and underwrote and offered coverage to Bigger Boat from Admiral for Environmental Impairment Liability.

13. The policy that Freborg offered to Bigger Boat expressly excluded coverage arising from Butadiene, Acetone, Carbon Tetrachloride, Trichloroethene (TCE) and



Tetrachloroethane (PCE) and any degradation products of same in indoor air and soil gas vapor. The exclusion was subject to modification or removal after receipt and review of satisfactory sub-soil vapor testing indicating results below actionable levels, and expressly provided that the same *"exclusion would **not** apply to the listed constituents in soil, surface water, sludge or groundwater."*

14. Before accepting the policy and binding same on behalf of Bigger Boat, People's asked orally, then confirmed in a writing, for Freborg to confirm that the exclusion in the policy only applied to "Air" and "The other pollution conditions are not going to be excluded, correct?"

15. Freborg responded that "We are only excluding the specific constituents noted in the quote in soil gas vapor and indoor air. Also, if a governmental agency is requiring a cleanup, not from a result of any voluntary testing, then the policy would respond."

16. Bigger Boat accepted the policy and paid the premium.

17. The policy included several endorsements, including relevant to this Complaint, "Endorsement Number 6" as follows:



STACKPOLE & FRENCH
LAW OFFICES
P.O. Box 819
Stowe, Vermont 05672
802.253.7339

Bigger Boat, LLC
Endorsement Number 6

# Voluntary Remedial Actions Exclusion

This endorsement, effective 1/9/2015 attaches to and forms a part of Policy Number FEI_EIL-20938-00. It modifies insurance provided under the Environmental Impairment Liability Policy

**This endorsement changes the Policy. Please Read it carefully.**

The Environmental Impairment Liability Coverage Form, Section III. Exclusions, is amended by the addition of the following exclusion:

## Voluntary Remediation Actions Exclusion

Any remediation or additional environmental assessment or investigation required as a result of findings from the sampling of soil, surface water, sediment, air or groundwater at, on or under the *Scheduled Location(s)* voluntarily initiated by the *Insured* unless such initial voluntary sampling is performed:

- Pursuant to *Environmental Laws* of any permit obtained in the ordinary course of business; or
- To remediate a substantial threat to human health or the environment, including but not limited to, the health of employees; or
- In response to an unsolicited written demand or request from a Governmental Authority

All other terms and conditions remain the same.

EIL -254-0712



STACKPOLE & FRENCH
LAW OFFICES
P.O. Box 819
Stowe, Vermont 05672
802.253.7339

6

## THE CLAIM BY BIGGER BOAT

18. On March 23, 2015, Bigger Boat received a letter from the Sites Management Section ("SMS") of the Vermont DEC referencing the insured premises at 7 Church Street in Burlington, known as "Outdoor Gear Exchange" ("OGE").

19. SMS referenced the finding of PCE and TCE *in the soil gas below the slab* and It is possible that *the compounds are present in the soil* due to the operations prior to 1964. SMS stated that additional investigation was warranted at this property. SMS also noted that *"There may be other sources of these compounds including contaminated groundwater migrating under the site that was contaminated by an unknown up gradient source."*

20. Based upon the available information, SMS requested that Bigger Boat take investigatory action to define the extent of contamination to the soil and soil vapor; collect soil samples; determine the potential for any soil contamination to pose a risk to groundwater; assess the potential for contaminant impact on sensitive receptors; determine the need for long-term treatment and/or monitoring; submit a report that outlines work performed as well as provides conclusions and recommendations. A preliminary work plan and cost estimate was requested from Bigger Boat's consultant within fifteen days, so it may be approved prior to initiation of work.

21. Bigger Boat filed a claim under the Policy promptly after receiving the March 23 letter from Vermont DEC/SMS, and received an acknowledgment of receipt of notice of loss on behalf of Admiral's alter ego, Berkley Custom Insurance Managers, as the liability carrier for Bigger Boat.

STACKPOLE & FRENCH
LAW OFFICES
P.O. Box 819
Stowe, Vermont 05672
802.253.7339
7

22. Thereafter, as it has continued to incur costs from the ongoing Vermont DEC requirements, Bigger Boat has repeatedly notified Admiral and its agents of the ongoing claim and the accrual of costs and expense in response to the request for investigation and monitoring from Vermont DEC.

23. Admiral, though its agents and attorneys, assert that no EIL Policy provisions provide indemnification to Bigger Boat for its cost and expenses in responding to Vermont DEC, and that policy obligations have not been triggered and that the costs of investigation and monitoring are not covered by the EIL policy. Defendant summarily asserts that no pollution condition exists and that it has no policy obligation to respond.

24. Bigger Boat has detailed its position, that Endorsement Number 6, although captioned as **"Voluntary Remedial Actions Exclusion"**, modifies the policy and changes the policy, as same expressly confers policy cover for remediation *or* additional environmental assessment *or* investigation where same is . . . *"In response to an unsolicited written demand or request from a Governmental Authority."*

25. Bigger Boat also relies upon the authorized oral and written representation of Admiral's agent and EIL Underwriter, Freberg, who said:

> *"We are only excluding the specific constituents noted on the quote in soil gas vapor and indoor air. Also if a governmental agency is requiring a cleanup, not from a result of any voluntary testing, then the policy would respond."*



26. Vermont DEC asserted that pollutants were in the soil, in addition to vapor.

27. Endorsement Number 6 equates *"remediation"* or *"additional environmental assessment"* or *"investigation"* in response to an unsolicited written demand or request from a Government Authority.

28. The policy as written requires performance and a response from Admiral under the undisputed facts.

29. If there is deemed ambiguity in the policy or the written representation of Admiral's Underwriter, then the policy must be construed in favor of the insured who took no part in drafting the language of the policy or the endorsement.

30. Bigger Boat, in responding to the Vermont DEC, has incurred to date more than $100,000 of vendor services and expenses together with continuing cost for services and expenses, together with interest from the date of payment of each invoice, for its costs for services required responsive to the Vermont DEC.

31. Admiral, through its agents, has continuously denied coverage and reimbursement to Bigger Boat for the services and expenses Bigger Boat has incurred responding to the Vermont DEC, damaging Bigger Boat in the amount of more than $100,000 together with interest under Vermont law running from the date each invoice for services and expenses was paid by Bigger Boat.

32. Admiral's denial of coverage is not in good faith and has caused Bigger Boat to incur attorney fees to investigate and proceed with this action.

## JURY TRIAL

33. Plaintiff requests a jury trial of any factual issue.



STACKPOLE & FRENCH
LAW OFFICES
P.O. Box 819
Stowe, Vermont 05672
802.253.7339

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, Bigger Boat, LLC. Demands judgment as follows:

A.) A Declaratory Judgment that declares and determines the rights and duties of the parties under the insurance policy, in particular, judgment that defendant, Admiral Insurance Company, is obligated to provide coverage under the terms and condition of the policy it issued to Bigger Boat, LLC, including indemnification for vendor services incurred by Bigger Boat LLC, for response, planning, services, investigation, reporting and monitor actions requested of Bigger Boat LLC by the Vermont DEC in March 2015 and thereafter, together with ongoing responsive action arising therefrom, on the part of Bigger Boat, LLC, by the Vermont DEC.

B.) Judgment against Admiral Insurance Company and Freborg, for the damages incurred by Bigger Boat, LLC responding to the Vermont DEC request made in March 2015, together with interest at the Vermont state statutory rate from the date each expense was paid, at more than $100,000 plus, together with attorney fees, interest, and the costs and disbursements of this action.

DATED at Stowe, Vermont this 14th day of January, 2021.

STACKPOLE & FRENCH LAW OFFICES

Elizabeth A. Conolly
Stackpole & French Law Offices
P.O. Box 819
Stowe, Vermont 05672
(802) 253 7339
econolly@stackpolefrench.com



STACKPOLE & FRENCH
LAW OFFICES
P.O. Box 819
Stowe, Vermont 05672
802.253.7339

10